THE MAYOR, &c. OF ROCHESTER *vs.* ROOD.

The Session Laws of 1834, chap. 199, § 8, subd. 2, empowered the common council of the city of Rochester to pass bye-laws and ordinances " to regulate the vending of meats, vegetables," &c., " and to prescribe the time and place of selling the same," &c. ; "and to regulate the measuring, weighing and sale of coal," &c., " or any other commodity exposed or intended to be exposed to sale in the said city," &c. *Held*, that this did not authorize the passing of an ordinance *imposing a fine* for the sale of putrid provisions.
The subdivision related to the *mode of vending* the articles there enumerated.

ERROR to the Monroe common pleas. The suit was originally commenced in a justice's court, where the plaintiffs declared against the defendant in debt for penalty of $25 for a violation of section 7, chap. 4, art. 1, of an ordinance of the common council of the city of Rochester. The defendant pleaded the general issue.

The ordinance is as follows : " If any person shall expose for sale in the market house or elsewhere in said city, any unwholesome, stale, emaciated, blown, stuffed, tainted, putrid or measly meat, poultry or *other provisions*, such person shall forfeit the penalty of $25 for each offence," &c.

The plaintiffs proved on the trial a sale by the defendant within the limits of the city of some forty-nine dozen of rotten eggs for fresh ones at seven cents per dozen, knowing at the time they were rotten ; upon which evidence the justice rendered judgment in favor of plaintiffs for the said penalty. The common pleas reversed the judgment on certiorari.

*By the Court*, NELSON, Ch. J. The evidence in the case doubtless brings it within the offence as declared by the ordinance ; and the only question is, whether such ordinance is warranted to the extent enacted by the common council, under the powers confered by the charter.

The only clause that can be relied on for this purpose is found in the 2d subdivision of § 8 (Sess. Laws of 1834, p. 297), and is as follows : " to regulate the vending of meats,

vegetables and fruits, pickled and other fish, and to pre-
scribe the time and place of selling the same, and weighing
and selling hay; and to regulate the measuring, weighing
and sale of coal, cordwood, and other fuel, lumber, shingles,
salt, lime, fish, iron, or any other commodity exposed or in-
tended to be exposed to sale in the said city," &c.

There is no pretence for saying that the power may be
derived from the first clause of the subdivision, as that is
confined to the sale of *meats*, &c, &c., used in the strict and
popular acceptation of the term. Nor does the subsequent
clause apply, as *that*, obviously, relates to the mode and
manner of vending the articles there enumerated, and other
commodities usually sold by weight and measure.

The powers thus conferred upon the common council are,
in their nature, penal, in derogation of the common right of
the citizen, and, upon familiar principles, must be strictly
construed. But, even without the aid of this rule of con-
struction, I see no authority for the ordinance to the extent
sought to be enforced.

The common pleas were, therefore, right in reversing the
judgment of the justice.

Judgment affirmed.